IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| THE CLUB AT HOKULI'A, INC., and THE HOKULI'A COMMUNITY ASSOCIATION, INC.,<br><br>          Plaintiffs,<br><br>  vs.<br><br>AMERICAN MOTORISTS INSURANCE COMPANY, 1250 OCEANSIDE PARTNERS, and DOES 1-20 inclusive,<br><br>          Defendants.<br>_____ | CIVIL NO. 10-00241 JMS/LEK<br><br>ORDER ADOPTING THE FINDINGS AND RECOMMENDATIONS TO GRANT IN PART AND DENY IN PART PLAINTIFFS' MOTION FOR REMAND AND DEFENDANT 1250 OCEANSIDE PARTNER'S MOTION TO REMAND |

**<u>ORDER ADOPTING THE FINDINGS AND RECOMMENDATIONS TO GRANT IN PART AND DENY IN PART PLAINTIFFS' MOTION FOR REMAND AND DEFENDANT 1250 OCEANSIDE PARTNER'S MOTION TO REMAND</u>**

**I. <u>INTRODUCTION</u>**

On April 5, 2010, Plaintiffs the Club at Hokulia, Inc. (the "Club") and the Hokulia Community Association, Inc. ("HCA") (collectively, "Plaintiffs") filed a Complaint in the Third Circuit Court of the State of Hawaii, alleging claims against American Motorists Insurance Company ("AMIC") and 1250 Oceanside Partners ("Oceanside") stemming from delays in the completion of work at a development known as Hokulia ("Hokulia" or the "Project").

AMIC removed the action to this court on the basis of diversity

jurisdiction. Because Oceanside refused to agree to removal, both Plaintiffs and Oceanside filed Motions to Remand. In opposition, AMIC argued that Oceanside should be realigned as a Plaintiff in this action such that its agreement for removal is unnecessary. On September 3, 2010, Magistrate Judge Leslie E. Kobayashi entered her Findings and Recommendations to Grant in Part and Deny in Part the Motions to Remand ("September 3 F&R"), recommending that this court remand the action and deny the request for attorneys' fees.

Currently before the court is AMIC's Objection, in which it challenges several of Magistrate Judge Kobayashi's discovery and evidentiary determinations, and argues that the court should either realign Oceanside for purposes of jurisdiction and/or allow discovery regarding Plaintiffs' and Oceanside's relationship. Based on the following, the court AFFIRMS the September 3 F&R.[1]

## II. BACKGROUND

A. **Factual Background**

As alleged in the Complaint, Oceanside, the developer of the Project, intended to offer for sale residential lots in the Project in two phases, Phase 1 and

---

[1] Pursuant to Local Rule 7.2(d), the court determines AMIC's Objection without the need for a hearing.

Phase 2, and buyers were offered to join the Club. Compl. ¶ 7. Oceanside and the Club subsequently entered into a written agreement for Oceanside to develop certain amenities for the Project. *Id.* ¶ 8. Pursuant to that agreement, Oceanside obtained a surety performance bond conditioned upon the faithful and timely completion of the amenities from AMIC. *Id.* ¶¶ 9-10. Pursuant to this bond, Oceanside was the principal, AMIC was the surety, and the Club was the obligee, with Oceanside and AMIC bound jointly and severally. *Id.* ¶ 11. Oceanside and HCA entered into similar agreements and bond requirements regarding development of utilities, facilities, and improvements relating to Phase 1 and Phase 2, with AMIC also acting as surety. *Id.* ¶¶ 12-19.

The deadlines for completion of work under these agreements were extended by agreement of the parties and due to a court order enjoining work on the Project. *Id.* ¶ 20. Despite the extensions, Oceanside could not complete the work set forth in the agreements and has acknowledged that it cannot perform its obligations. *Id.* ¶¶ 21-22. Plaintiffs have notified AMIC of Oceanside's default, but AMIC has failed to comply with its obligations under the bonds. *Id.* ¶¶ 23-26. Based on these allegations, Plaintiffs assert claims for breach of contract against Oceanside, and breach of performance bond against AMIC.

**B.     Procedural Background**

On April 5, 2010, Plaintiffs filed this action in state court.  On April 26, 2010, AMIC removed the action to this court on the basis of diversity jurisdiction -- Plaintiffs are Hawaii corporations, AMIC is an Illinois corporation, and Oceanside is a limited partnership with its principal place of business in Arizona and its only partner is a Washington corporation with its principal place of business in Arizona.  The notice of removal acknowledged that AMIC was unable to obtain consent for joinder in the removal by Oceanside and that AMIC had also filed an action in this court against Plaintiffs and Oceanside, *AMIC v. The Club at Hokuli'a, Inc. et al.*, Civ. No. 10-00199 SOM/KSC, which AMIC will seek to consolidate with this action.  In an amended notice of removal, AMIC alleged that Oceanside is a "sham or fraudulent defendant" because there is unity of interest and ownership between Oceanside and Plaintiffs such that Oceanside should be realigned with Plaintiffs.

On May 26, 2010, Plaintiffs and Oceanside each filed Motions to Remand, and Oceanside also filed a Request for Judicial Notice of the First Amended Complaint in Civ. No. 10-00199.

On June 21, 2010, AMIC filed an Application to continue the hearing date and briefing deadlines for the Motions for Remand so that AMIC could

conduct discovery regarding the relationship between Plaintiffs and Oceanside. Magistrate Judge Kobayashi ultimately moved the hearing date on the Motions to Remand by two weeks, which did not provide AMIC enough time to conduct this discovery.[2]

On July 9, 2010, AMIC filed its Oppositions, and requested that the court take judicial notice of an article from the Wall Street Journal, printouts from the Hawaii Department of Commerce and Consumer Affairs, and printouts from the County of Hawaii's Real Property Tax Office. On July 16, 2010, Plaintiffs objected to AMIC's request for judicial notice, and Plaintiffs and Oceanside filed Replies, with Plaintiffs requesting that the court take judicial notice of various filings in other actions and a newspaper article from the Pacific Business News. On August 13, 2010, AMIC filed a supplemental memorandum.

The September 3 F&R followed. The September 3 F&R declined to take judicial notice of AMIC's proffered exhibits, but did take judicial notice of the filings made in other actions proffered by Plaintiffs. The September 3 F&R further found, however, that it could determine the Motions without taking judicial notice of any of the proffered documents. Sept. 3 F&R at 20-23. Turning to the merits, the September 3 F&R found that Plaintiffs' joinder of Oceanside was not

---

[2] On July 20, 2010, the parties stipulated that the discovery served on Plaintiffs and Oceanside would be stayed until after the remand issue was determined.

fraudulent, and that Oceanside should not be realigned as a Plaintiff. *Id.* at 24-33. AMIC's Objections followed.

## II. STANDARD OF REVIEW

### A. Requests for Discovery and Judicial Notice

Pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72(a), and Local Rule ("LR") 74.1, any party may appeal to the district court any pretrial nondispositive matter determined by a magistrate judge. Such an order may be reversed by the district court judge only when it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); LR 74.1.

The threshold of the "clearly erroneous" test is high and significantly deferential. "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Mathews v. Chevron Corp.*, 362 F.3d 1172, 1180 (9th Cir. 2004); *Boskoff v. Yano*, 217 F. Supp. 2d 1077, 1083 (D. Haw. 2001); *Thorp v. Kepoo*, 100 F. Supp. 2d 1258, 1260 (D. Haw. 2000). In comparison, a magistrate judge's order is contrary to law if the judge applies an incorrect legal standard or fails to consider an element of the applicable standard. *See Hunt v. Nat'l Broad. Co.*, 872 F.2d 289, 292 (9th Cir. 1989) (noting that such failures

constitute abuse of discretion).

**B.    Motion to Remand**

The court treats a motion to remand as a dispositive motion, requiring the issuance of a findings and recommendations by the magistrate judge. *See Keown v. Tudor Ins. Co.*, 621 F. Supp. 2d 1025, 1029 (D. Haw. 2008). When a party objects to a magistrate judge's findings or recommendations, the district court must review de novo those portions to which the objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673 (1980); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise.").

Under a de novo standard, this court reviews "the matter anew, the same as if it had not been heard before, and as if no decision previously had been rendered." *Freeman v. DirecTV, Inc.*, 457 F.3d 1001, 1004 (9th Cir. 2006); *United States v. Silverman*, 861 F.2d 571, 576 (9th Cir. 1988). The district court need not hold a de novo hearing; however, it is the court's obligation to arrive at its own independent conclusion about those portions of the magistrate judge's findings or

recommendation to which a party objects. *United States v. Remsing*, 874 F.2d 614, 616 (9th Cir. 1989).

## IV. **DISCUSSION**

AMIC removed this action pursuant to 28 U.S.C. §§ 1332 and 1441 on the basis of diversity jurisdiction, but without the consent of its co-defendant Oceanside. In general, "[r]emoval requires the consent of all the defendants." *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 393 (1998) (Kennedy, J., concurring) (citing *Chic., Rock Island & Pac. Ry. Co. v. Martin*, 178 U.S. 245, 248 (1900)); *United Computer Sys., Inc. v. AT & T Corp.*, 298 F.3d 756, 762-63 (9th Cir. 2002). Consent of all defendants is not needed, however, if the defendant is "nominal, unknown, or fraudulently joined," *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988); *United Computer Sys., Inc.*, 298 F.3d at 762-63, or where the non-consenting defendant's interests "coincide respecting the 'primary matter in dispute'" with the plaintiff. *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 873 (9th Cir. 2000). AMIC has the burden to prove that Oceanside's consent is not necessary -- 28 U.S.C. § 1441 is strictly construed against removal and courts resolve any doubts about the propriety of removal in favor of remanding the case to state court. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006); *Cal. ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d

831, 838 (9th Cir. 2004).

As Plaintiffs and Oceanside admitted in their initial Motions for Remand, Oceanside created HCA and the Club, with membership of HCA consisting of owners of Project lots and membership of the Club consisting of purchasers of Club membership and Oceanside.  Doc. No. 31, at 4.  Plaintiffs contend that as is customary practice, Oceanside retained control over both entities during the early stages of the marketing and sale. *Id.* at 4-5.  This overlap in membership (and alleged unity in control as asserted by AMIC), was the basis for AMIC's assertions before Magistrate Judge Kobayashi that Oceanside was fraudulently joined and/or should be realigned as a Plaintiff.

The September 3 F&R found that Plaintiffs' joinder of Oceanside was not fraudulent because Plaintiffs allege actionable claims for breach of contract against Oceanside, and AMIC had not established that Plaintiffs are the mere alter egos of Oceanside.  Sept. 3 F&R at 27-30.  The September 3 F&R further found that realignment was not appropriate because Plaintiffs and Oceanside are on opposite sides of the primary matter in dispute -- *i.e.*, who is liable for the failure to meet the development deadlines for the Project and the extent of liability of each party. *Id.* at 32-33.  As the September 3 F&R reasoned:

> In this Court's view, the primary matter in dispute in this
> case is who is liable for the failure to meet the

> development deadlines for the Hokuli'a project, and what the extent of their liability is. Although Oceanside concedes that it is in breach of the Agreements, the extent of its liability to Plaintiffs is in dispute. There is also a critical dispute regarding whether AMIC is liable to Plaintiffs for Oceanside's breach based on AMIC's position as surety, and the extent of its liability. In addition, if AMIC is found liable, it will seek reimbursement from Oceanside. The disputes between Plaintiffs and AMIC and AMIC and Oceanside are secondary because AMIC cannot be held liable to Plaintiff, which would trigger Oceanside's liability for reimbursement, unless Plaintiffs prevail against Oceanside in the first instance. Further, AMIC's liability cannot exceed Oceanside's. This Court therefore FINDS that realignment of Oceanside as a plaintiff is not warranted.

*Id.* at 32.

AMIC does not challenge the September 3 F&R's legal analysis on fraudulent joinder and realignment, and instead attacks the discovery and evidentiary determinations underlying the decision. Specifically, AMIC argues that (1) Magistrate Judge Kobayashi erred by refusing to allow limited discovery; (2) the September 3 F&R erred by denying AMIC's request for judicial notice of the WSJ article; and (3) the September 3 F&R erred when it relied on incorrect information regarding the number of Project lots owned by Oceanside. Because, as explained below, the court finds no error with the discovery and evidentiary determinations, the court AFFIRMS the September 3 F&R.

**A.     The Need for Discovery**

In opposition to Plaintiffs' and Oceanside's Motions for Remand, AMIC requested that Magistrate Judge Kobayashi continue the hearing date and briefing deadlines on these motions for three months so that AMIC could conduct discovery on Plaintiffs' and Oceanside's relationship.  Doc. No. 39.  On June 25, 2010, Magistrate Judge Kobayashi granted a two-week continuance of the hearing on the motions for remand, which was not long enough for AMIC to receive discovery responses.  Doc. No. 48.  AMIC asserts that Magistrate Judge Kobayashi should have permitted limited discovery to determine whether realignment was proper.

As an initial matter, AMIC's argument regarding the need for discovery essentially asks the court to reverse the June 25, 2010 determination.  This argument is untimely -- AMIC did not appeal that determination until filing its September 20, 2010 Objections, which is well past the fourteen days to appeal provided by LR 74.2.  On this basis alone, the court rejects AMIC's arguments regarding the need for discovery.

Further, even if AMIC preserved its discovery objection, AMIC has failed to show that this discovery determination was clearly erroneous or contrary

to law.[3]  Although realignment allows the court to "'look beyond the pleadings' to the actual interest of the parties respecting the subject matter of the lawsuit," *Prudential Real Estate*, 204 F.3d at 872, that does not open the floodgates of discovery.  Rather, any inquiry beyond the pleadings must be limited to seeking uncontroverted evidence which establishes that Oceanside must be aligned as a Plaintiff.  *See, e.g.*, *Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376 (5th Cir. 2006) (finding that in determining improper joinder, the court will "ordinarily conduct a Rule 12(b)(6)-type analysis," and in "a few cases . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry"); *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (en banc) (stating that in determining improper joinder, "[d]iscovery by the parties should not be allowed except on a tight judicial tether, sharply tailored to the question at hand, and only after a showing of its necessity"); *Rutherford v. Merck & Co.*, 428 F. Supp. 2d 842, 847-48 (S.D. Ill. 2006) (finding that in claim of fraudulent joinder, a court may pierce the pleadings in a "strictly circumscribed inquiry limited to uncontroverted summary evidence which establishes unmistakably that a diversity-defeating defendant cannot possibly be liable to a

---

[3] While the court applies the standard for nondispositive determinations by a magistrate judge to Magistrate Judge Kobayashi's refusal to allow discovery to go forward and denial of AMIC's requests for judicial notice, even upon a de novo review the court would come to the same determinations for the reasons explained in this Order.

plaintiff under applicable state law").

AMIC propounded 63 requests for admission and 168 requests for production on Plaintiffs, propounded 65 requests for admission and 98 requests for production on Oceanside, and wished to take depositions before the remand issue was determined.  *See* Doc. Nos. 39 at 5, 44 at Edwards Decl. ¶ 12.  AMIC never explained precisely how this expansive discovery was directed to eliciting uncontroverted evidence that either alter ego liability applies or that the parties' interest in the principal purpose of the action was the same.  Given that there has been no showing that these requests were appropriately limited to jurisdictional discovery, the court finds no error with Magistrate Judge Kobayashi's refusal to delay the remand issue to allow this discovery to go forward.[4]

**B.     Judicial Notice**

In its Opposition to the Motion for Remand, AMIC requested that the court take judicial notice of a May 19, 2010 Wall Street Journal article entitled "Paradise Lost?  A Project in Hawaii Stumbles," *see* Doc. No. 51, Ex. A, to show that "Oceanside has not been able to complete the Project, partly due to its weak

---

[4] AMIC further argues that the September 3 F&R should have "inquired further to facts beyond the four corners of the pleadings; set this matter for an evidentiary hearing and permitted limited discovery on the material and relevant facts."  AMIC Obj. 17.  AMIC provides absolutely no basis for this assertion -- AMIC did not renew its request for discovery and the September 3 F&R was under no duty to resurrect this argument for AMIC.

financial condition, and the Project remains largely incomplete." Doc. No. 51, at 5. AMIC now also asserts a new theory for remand based on this article -- that the Bank of Scotland controls both Oceanside and Plaintiffs due to the developer's default on the mortgage loan.[5]  AMIC argues that additional documents presented to the court corroborate the statements in the WSJ article. Regardless of the argument AMIC asserts based on the WSJ article, the court finds that the September 3 F&R rejected the request for judicial notice for good reason.

        Federal Rule of Evidence 201(b) provides that "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Newspaper articles "have been held inadmissible hearsay as to their content." *Larez v. City of Los Angeles*, 946 F.2d 630, 642 (9th Cir. 1991); *but see Ritter v. Hughes Aircraft Co.*, 58 F.3d 454, 458 (9th Cir. 1995) (taking judicial notice of newspaper article describing widespread layoffs at Hughes where fact of layoffs was generally known in Southern California and the objecting party testified to the same in his deposition).

        In this case, AMIC has not established either part of the Rule 201 test

---

[5] The WSJ article lists Lyle Anderson as the developer, and apparently Oceanside is a Lyle Anderson entity.

for judicial notice. Although AMIC asserts that the facts in the WSJ article are widely known throughout Hawaii, merely making this assertion does not make it so. AMIC further asserts that the facts in the WSJ article are corroborated by statements made in other court filings, but the accuracy of the statements in court filings can reasonably be questioned. Specifically, while the court may take judicial notice of pleadings for the limited purpose of establishing the fact of such litigation or proceeding, the court does not take judicial notice of the truth of the matters asserted in those other proceedings. *See Wyatt v. Terhune*, 315 F.3d 1108, 1114 n.5 (9th Cir. 2003) ("Factual findings in one case ordinarily are not admissible for their truth in another case through judicial notice."); *M/V Am. Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1491 (9th Cir. 1983) ("As a general rule, a court may not take judicial notice of proceedings or records in another cause so as to supply, without formal introduction of evidence, facts essential to support a contention in a cause then before it."). Thus, AMIC's attempt to "bootstrap" the factual assertions in the WSJ article with statements made in court filings does not establish that these facts are either generally known within Hawaii or capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

In sum, the September 3 F&R's denial of AMIC's request for judicial

notice was not clearly erroneous or contrary to law.

**C.     The Number of Lots Owned by Oceanside**

Finally, AMIC argues that the September 3 F&R relied on incorrect information regarding the number of lots Oceanside owns in the Project. Specifically, the September 3 F&R stated that "[e]ven if the Court accepted AMIC's assertions that the Club, HCA and Oceanside have some common officers and directors and that Oceanside owns at least 116 out of over 600 Hokuili'a lots, this is not enough to warrant an alter ego finding." Sept. 3 F&R at 30.

As an initial matter, AMIC ignores that the September 3 F&R did not take judicial notice of AMIC's "information" such that AMIC failed to establish how many lots Oceanside actually owns. AMIC's failure to establish any facts supporting that Plaintiffs were mere alter egos of Oceanside was fatal to removal.

Further, upon a de novo review, the court agrees with the September 3 F&R's finding that AMIC failed to prove alter ego liability. To prove alter ego liability, AMIC would need to establish, among other things, that Oceanside exercised such domination over HCA and the Club, that none of them manifested any corporate interests of their own, and that respecting corporate separateness would work an injustice on a third party. *Kilkenny v. Arco Marine Inc.*, 800 F.2d 853 (9th Cir. 1986); *see also Robert's Haw. Sch. Bus, Inc. v. Laupahoehoe Trans.*,

91 Haw. 224, 241-42, 982 P.2d 853, 870-71 (1999), overruled on other grounds by Hawaii Revised Statutes § 480-2 (stating that a corporation may be the alter ego of another "where recognition of the corporate fiction would bring about injustice and inequity or when there is evidence that the corporate fiction has been used to perpetrate a fraud or defeat a rightful claim"). AMIC did not establish through admissible evidence either an overlap of directors or the number of Project lots Oceanside owns.[6] Nor did AMIC explain in any convincing manner that this evidence would establish alter ego liability. Thus, based on a de novo review of the record and arguments presented, the court agrees that AMIC has not established that Plaintiffs are mere alter egos of Oceanside.

## V. **CONCLUSION**

Based on the above, the court ADOPTS the September 3, 2010 Findings and Recommendations to Grant in Part and Deny in Part Plaintiffs'

///

///

///

///

---

[6] Although AMIC asked Magistrate Judge Kobayashi to take judicial notice of printouts from the Hawaii Department of Commerce and Consumer Affairs and from the County of Hawaii's Real Property Tax Office, Magistrate Judge Kobayashi rejected the request for judicial notice and AMIC does not appeal this determination.

Motion for Remand and Defendant 1250 Oceanside Partner's Motion to Remand.

This action is REMANDED to the Third Circuit Court of the State of Hawaii.

       IT IS SO ORDERED.

       DATED:  Honolulu, Hawaii, October 26, 2010.



    /s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*The Club at Hokuli'a, Inc. et al. v. Am. Motorists Ins. Co., et al*, Civ. No. 10-00241 JMS/LEK, Order Adopting the Findings and Recommendations to Grant in Part and Deny in Part Plaintiffs' Motion for Remand and Defendant 1250 Oceanside Partner's Motion to Remand